## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| BEATS ELECTRONICS, LLC,<br>a Delaware Limited Liability Company,<br><br>and<br><br>MONSTER CABLE PRODUCTS, INC.,<br>a California corporation<br><br>    Plaintiffs,<br><br>    v.<br><br>SAKAR INTERNATIONAL, INC.,<br>a New Jersey Corporation,<br><br>and<br><br>T.J. MAXX, INC.<br>a Massachusetts Corporation<br><br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Judge _____<br><br>Case No. _____<br><br>JURY DEMANDED |

## COMPLAINT

Plaintiff Beats Electronics, LLC ("Beats") and Plaintiff Monster Cable Products, Inc. ("Monster") (collectively, "Plaintiffs"), by their attorneys, for their Complaint against Defendant Sakar International, Inc. ("Sakar") and Defendant TJ Maxx, Inc. ("TJ Maxx") (collectively, "Defendants") allege as follows:

## PARTIES

1.     Plaintiff Beats is a limited liability company organized under the laws of Delaware, with a principal place of business at 2200 Colorado Avenue, Santa Monica, California, 90404. Beats is a world-class producer of cutting-edge audio equipment, including its patented headphones that are sold under the trade name "Studio" design headphones (hereinafter, the "Studio Headphones") and are the subject of this action.

2.     Plaintiff Monster is a corporation organized under the laws of California, with a principal place of business at 455 Valley Drive, Brisbane, California, 94005.  Monster is the world's leading manufacturer of high performance cables that connect audio/visual components for home, car and professional use.  Among their many attributes and benefits, Monster's audio cables increase the clarity, dynamics and power of the audio signals that travel through them.  In addition, Monster is the exclusive licensee and distributor of Beats' Studio Headphones.

3.     Upon information and belief, Defendant Sakar is a corporation organized under the laws of New Jersey, with a principal place of business at 195 Carter Drive, Edison, New Jersey 08817.

4.     Upon information and belief, Defendant TJ Maxx is a corporation organized under the laws of Massachusetts, with a principal place of business at P.O. Box 500, One Mercer Road, Natick, Massachusetts, 01760.

5.     There may be additional persons or entities liable for the activities which form the basis for this Complaint.  Plaintiffs will explore this on discovery and, if necessary, amend this Complaint to add such persons or entities as parties.

## NATURE OF THE ACTION

6.     This Complaint is brought because of Defendants' on-going manufacture, importation, use and/or sales of Sakar's "Swagger" Headphones, which are knock-offs of Beats' world-famous "Studio" model headphones.  As a result of these actions, Defendants have: [i] willfully infringed Beats' United States Patent, Pat. No. D552,077, in violation of 35 U.S.C. § 271(a); [ii] willfully induced others to infringe Beats' United States Patent in violation of 35 U.S.C. § 271(b); [iii] willfully infringed Plaintiffs' trade dress and committed unfair competition in violation of 15 U.S.C. § 1125(a); [iv] willfully committed unfair competition in violation of

the Illinois Uniform Deceptive Business Practices Act, 815 ILCS 510/1 et. seq.; and [v] willfully

committed trade dress infringement and unfair competition in violation of Illinois common law.

## JURISDICTION AND VENUE

7.     This Court has subject matter jurisdiction under one or more of the following

statutes: 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (patents and trademarks), and 28

U.S.C. § 1367 (supplemental jurisdiction).

8.     Personal jurisdiction is proper in the Northern District of Illinois under 28 U.S.C.

§ 1391(b) and (c) with respect to Sakar, because a substantial part of the events giving rise to the

claims occurred in this District.   Sakar conducts regular business within this District, and

specifically has sold and continues to sell its infringing headphones in this District.   Personal

jurisdiction is proper with respect to TJ Maxx because it has retail stores in this District, is

registered to do business in Illinois and is doing business in this District.

9.     Venue is proper under 28 U.S.C. § 1391 (a), (b) and (c), as well as 28 U.S.C. §

1400(b).

## BACKGROUND AND FACTS RELATED TO THIS ACTION

10.     Beats grew out of a collaboration between legendary artist and producer Andre

Young (professionally known as Dr. Dre) and Jimmy Iovine, Chairman of Interscope Geffen

A&M Records.    Among its products, Beats has developed a new line of revolutionary

headphones with the capacity to reproduce the full spectrum of sound that musical artists and

producers hear in studios.

11.     One of Beats' headphones designs, the Studio Headphones, is covered by U.S.

Patent No. D552,077 (the "'077 Patent").  A copy of the '077 Patent is attached as Exhibit A,

and several pictures of the Studio Headphones are attached as Exhibit B.

12.     Since its introduction, the Studio Headphones have enjoyed tremendous sales. The Studio Headphones have been featured with Dr. Dre in commercials for Dr. Pepper, and have been endorsed in commercials by numerous performing artists, such as William Adams (professionally known as Will.i.am).   Moreover, through Plaintiffs' extensive sales and promotion of the Studio Headphones, consumers have come to associate the distinctive appearance of the Studio Headphones with a single source, Beats. Accordingly, the distinctive appearance of the Studio Design headphones constitutes Beats' protectable, proprietary trade dress (the "Studio Trade Dress").

13.     Upon information and belief, Sakar manufactures, imports, distributes and sells a line of headphones under the trademark "Sprayground," which, according to Sakar's website, is licensed from Sprayground, LLC.   Upon information and belief, Sprayground, LLC sells multiple products, including t-shirts, hats and backpacks, under a unique business model, wherein various "street artists" are asked to create designs for Sprayground, LLC's products.  By way of example, each of Sprayground, LLC's backpacks has the same shape, but may be decorated in one of three different ways, each designed by a different street artist.

14.     Sakar has taken this business model, and applied it to some of Sakar's headphones.  One style of these headphones is sold under the name "Swagger" (referred to as the "Swagger Headphones").  Pictures of the Swagger Headphones, one as they were displayed at the Consumer Electronics Show (as discussed below) and one as they are sold, are attached hereto as Exhibit C.

15.     To make the Swagger Headphones, Sakar slavishly copied the distinctive product configuration of Beats' Studio Headphones, which is covered by Beats' '077 Patent.  The infringing Swagger Headphones are inferior in quality to Beats' Studio Headphones.

16.     On January 6, 2010, Plaintiffs first became aware of the infringing Swagger Headphones, which were on display at the Consumer Electronics Show in Las Vegas, Nevada, held on January 6 – 10, 2010.

17.     Counsel for Monster contacted counsel for Sakar on January 11, 2010 and advised him of Beats' '077 Patent and the Studio Trade Dress rights.  On Friday, January 15, 2009, following up on the initial conversation, Plaintiffs' respective counsel then jointly contacted counsel for Sakar by telephone.  Counsel for Sakar acknowledged having reviewed the '077 Patent, and advised counsel for Beats that Sakar had not sold or taken any orders for the Swagger Headphones, and confirmed that Sakar owned all of the tooling for the Swagger Headphones. Counsel for Sakar stated that Sakar would agree to refrain from making, using, selling, importing, or offering to sell the Swagger Headphones, and would agree to destroy all tooling for the Swagger Headphones.  Counsel for both parties discussed the mechanics of ensuring that the tooling is destroyed.  Plaintiffs' counsel suggested that Sakar send Monster the tooling for destruction, and counsel for Sakar stated that he would present that proposal to Sakar.

18.     Counsel for Beats were also concerned about any existing inventory of the Swagger Headphones (including, for example, the product demos that were on display at the Consumer Electronics Show), and thus requested that Sakar advise Beats of any inventory and demo quantities, and deliver all of them to Monster for destruction in addition to the tooling.

19.     Confirming the telephone conversation, counsel for Beats sent an email to counsel for Sakar, a copy of which is attached hereto as Exhibit D.

20.     Notwithstanding Sakar's representations that it had not sold or offered for sale any Swagger Headphones, two sets of the infringing Swagger Headphones were discovered at, and subsequently purchased from, a TJ Maxx location in San Mateo, California in early January

2010. Additionally, a set of the infringing headphones was purchased from a TJ Maxx location in Chicago, Illinois as well as from a TJ Maxx location in Morton Grove, Illinois on February 2, 2010.

## CAUSES OF ACTION

## COUNT I

### Patent Infringement
### (35 U.S.C. § 271(a))
### (All Defendants)

21.     Plaintiffs reallege and incorporate herein the preceding paragraphs 1 – 20 of this Complaint.

22.     Beats is the owner by assignment of all the right, title and interest in the '077 Patent, entitled "Headphone," which was duly and legally issued by the United States Patent and Trademark Office on October 2, 2007 from an application filed on June 13, 2006.

23.     In violation of 35 U.S.C. § 271(a), Defendants are directly infringing the '077 Patent by making, using, importing, offering for sale, selling and/or marketing the Swagger Headphones.

24.     Based on the near-identical similarity between the infringing Swagger Headphones and Beats' Studio Headphones, it is clear that Sakar knowingly and intentionally copied Beats' '077 Patent, and is willfully infringing Plaintiffs' rights.

25.     Further, since January of 2010, Sakar had actual knowledge that its actions would infringe the '077 Patent. As a result, at least Sakar's infringement of the '077 Patent is willful.

26.     This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Plaintiffs' reasonable attorneys' fees.

27.     As a result of Defendants' aforesaid conduct, Plaintiffs have suffered substantial damage and irreparable harm constituting an injury for which Plaintiffs have no adequate remedy at law.   Unless this Court enjoins defendants' conduct, Plaintiffs will continue to suffer irreparable harm.

**COUNT II**

**Inducement of Patent Infringement**
**(35 U.S.C. § 271(b))**
**(Sakar)**

28.     Plaintiffs reallege and incorporate herein the preceding paragraphs 1 – 27 of this Complaint.

29.     As stated above, TJ Maxx is directly and indirectly infringing the '077 Patent by making, using, offering for sale, selling and/or marketing the Swagger Headphones in violation of 35 U.S.C. § 271(a).   Additionally, any individual who purchases the Swagger Headphones from TJ Maxx is likewise infringing the '077 Patent in violation of 35 U.S.C. § 271(a).   Sakar is actively inducing such infringing activity by selling the Swagger Headphones to consumers through TJ Maxx locations with knowledge and intent that TJ Maxx and its customers directly infringe the '077 Patent, in violation of 35 U.S.C. § 271(b).

30.     Since January of 2010, Sakar had actual knowledge that its actions would infringe the '077 Patent, and that actively inducing consumers to purchase the Swagger Headphones would cause those consumers to infringe the '077 Patent.   As a result, Sakar's inducement of infringement of the '077 Patent is willful.

31.     This is an exceptional case within the meaning of 35 U.S.C. § 285, which warrants reimbursement of Plaintiffs' reasonable attorneys' fees.

32.     As a result of Defendants' aforesaid conduct, Plaintiffs have suffered substantial damage and irreparable harm constituting an injury for which Plaintiffs have no adequate remedy

at law.   Unless this Court enjoins defendants' conduct, Plaintiffs will continue to suffer

irreparable harm.

## COUNT III

### Trade Dress Infringement and Unfair Competition
### (Section 43(a) of the Lanham Act: 15 U.S.C. §1125(a))
### (All Defendants)

33.     Plaintiffs reallege and incorporate herein the preceding paragraphs 1 – 32 of this

Complaint.

34.     As set forth above, Beats has owned a valid and protectable interest in its Studio

Headphones since before the acts of Defendants complained of herein.   The Studio Headphones

are inherently distinctive.   In addition, as a result of Plaintiffs' continuous and extensive

promotion and use of the Studio Headphones in interstate commerce, the Studio Trade Dress also

has developed secondary meaning.

35.     Defendants' conduct is causing, and is likely to continue to cause in the future,

confusion, mistake or deception as to the affiliation, connection or association of Defendants

with Plaintiffs, and as to the origin, sponsorship or approval of Defendants and their goods and

services, in violation of Section 43 of the Lanham Act, 15 U.S.C.  § 1125(a)(1).

36.     Defendants' unauthorized and tortious conduct also has deprived and will

continue to deprive Beats of the ability to control the consumer perception of its goods marketed

under the Studio Trade Dress, placing the valuable reputation and goodwill of Beats in the hands

of Defendants, over whom Beats has no control.

37.     Defendants' reckless disregard for the confusion caused by their acts renders this

case exceptional under 15 U.S.C. § 1117(a).

38.     As a result of Defendants' aforesaid conduct, Plaintiffs have suffered substantial

damage and irreparable harm constituting an injury for which Plaintiffs have no adequate remedy

at law.   Unless this Court enjoins Defendants' conduct, Plaintiffs will continue to suffer

irreparable harm.

## COUNT IV

### Violation of Illinois Uniform Deceptive Business Practices Act
### (815 ILCS 510/1 *et. seq.*)
### (All Defendants)

39.   Plaintiffs reallege and incorporate herein the preceding paragraphs 1 – 38 of this

Complaint.

40.   Defendants' actions complained of herein constitute deceptive trade practices in

violation of 815 ILCS 510/2(a) in that they are likely to cause confusion or misunderstanding as

to source, sponsorship of approval of defendants' respective goods and services.   Defendants'

deceptive conduct also creates a likelihood of confusion as to the affiliation, connection or

association of its goods with Beats' well-known Studio Headphones.

41.   Sakar had actual notice of Beats' ownership of and rights in its Studio Trade

Dress before Sakar's first use of the confusingly similar Swagger Headphones.   Accordingly,

Sakar has willfully engaged in deceptive trade practices in violation of Illinois law.

42.   As a result of Defendants' willful and malicious conduct, Plaintiffs are likely to

suffer, and have in fact already suffered, irreparable harm for which Plaintiffs have no adequate

remedy at law.   Unless this Court enjoins Defendants' conduct, Plaintiffs will continue to suffer

irreparable harm

## COUNT V

### Illinois Common Law Trade Dress Infringement and Unfair Competition
### (All Defendants)

43.   Plaintiffs reallege and incorporate herein the preceding paragraphs 1 – 42 of this

Complaint.

44.     Plaintiffs have used and promoted the Studio Headphones within this State prior to Defendants' infringing conduct complained of herein, and Plaintiffs possesses superior common law rights in the Studio Headphones under the common law of the State of Illinois.

45.     Defendants' unauthorized promotion, use and sale of the Swagger Headphones are likely to cause confusion among consumers and existing and prospective customers.

46.     By virtue of their actions described herein, Defendants have infringed upon Beats' Studio Trade Dress, and have improperly traded on the goodwill associated therewith, in violation of the common law of this State.

47.     As a result of Defendants' aforesaid conduct, Plaintiffs have suffered substantial damage and irreparable harm constituting an injury for which Plaintiffs have no adequate remedy at law.   Unless this Court enjoins Defendants' conduct, Plaintiffs will continue to suffer irreparable harm.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment in their favor and against Defendants as follows:

A.     Judgment be entered that Defendants have infringed the claim of the '077 Patent directly, either literally or under the doctrine of equivalents, and/or indirectly;

B.     Judgment be entered that Sakar has induced infringement of the claim of the '077 Patent;

C.     Judgment be entered that Defendants have infringed Beats' Studio Trade Dress pursuant to 15 U.S.C. § 1125, and in violation Illinois common law, and have committed acts of unfair competition in violation of 15 U.S.C. § 1125 and Illinois common law;

D.     Judgment be entered preliminarily and permanently enjoining Defendants and each of their respective officers, members, employees, owners, managers, agents, attorneys,

successors, servants, subsidiaries, related entities, licensees, and assigns, and all persons acting in concert with any of the foregoing, from:

  i.   Any further acts of infringement or inducement of infringement of the '077 Patent;

 ii.   selling, offering for sale, holding for sale, importing, advertising, or promoting any merchandise, goods, or services using trade dress that infringes the Studio Trade Dress or any trade dress confusingly similar thereto; or

iii.   doing any other act or thing that is likely to induce the belief that the Defendants' goods or services are in some way connected with Plaintiffs' goods or their respective businesses;

E.   Judgment be entered that this case is an exceptional case under 35 U.S.C. § 285;

F.   Defendants be held jointly and severally liable and ordered to account for and pay to Plaintiffs:

  i.   damages adequate to compensate Plaintiffs for Defendants' infringement of the '077 Patent in an amount no less than a reasonable royalty pursuant to 35 U.S.C. § 284;

 ii.   Defendants' respective total profits pursuant to 35 U.S.C. § 289;

iii.   treble damages pursuant to 35 U.S.C. § 284 based on Defendants' willful infringement of the '077 Patent, and pursuant to 15 U.S.C. § 1117(a) based on Defendants' willful infringement of the Studio Trade Dress;

 iv.   all gains, benefits, and advantages derived from the defendants' wrongful use, misappropriation, and infringement of the Studio Trade Dress;

  v.   all losses and damages, including lost profits and costs for corrective advertising, suffered by Plaintiffs as a result of the Defendants' wrongful use and infringement of the Studio Trade Dress, including prejudgment interest and costs pursuant to 15 U.S.C. § 1117;

 vi.   Plaintiffs' reasonable attorneys' fees under 35 U.S.C. § 285 and 15 U.S.C. § 1117(a); and

vii.   Plaintiffs' pre-judgment and post-judgment interest and costs pursuant to 35 U.S.C. § 284 and 15 U.S.C. § 1117(a);

G.     Requiring Defendants to deliver to Plaintiffs for destruction all Swagger Headphones and any other products or other articles in their possession bearing the Studio Trade Dress, or any reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices, screens or other means of making the same; and, that Defendants be required to recall all Swagger Headphones and any other products bearing the Studio Trade Dress from their customers and refund any monies paid for such products to their customers;

H.     Requiring Defendants to deliver to Plaintiffs for destruction any and all stationery, circulars, catalogs, charts, brochures, advertising, labels, packages, signs, and all other material in their possession or under their control which depict the Swagger Headphones or any other infringing trade dress or any trade dress confusingly similar thereto;

I.     Declaring that Defendants' actions complained of above constitute a violation of the Illinois Uniform Deceptive Business Practices Act, 815 ILCS 510/1 et. seq., and enjoining Defendants from continuing such acts;

J.     Declaring that Defendants' actions complained of above constitute a violation of Illinois common law trade dress infringement and unfair competition and enjoining Defendants from continuing such acts; and

K.     Granting Plaintiffs damages and such other and future relief as this Court deems just and proper.

PLAINTIFFS DEMAND A JURY TRIAL ON ALL ISSUES.

Dated:  March 9, 2010      Respectfully Submitted,

           By:  s/ Michael G. Kelber
              One of the Attorneys for Plaintiff,
              Beats Electronics, LLc

              Michael G. Kelber (ARDC# 623 1033)
              Robert E. Browne (ARDC# 032 1761)
              Maurice E. Finnegan, III (ARDC# 628 1387)
              NEAL, GERBER & EISENBERG LLP
              Two North LaSalle Street
              Suite 1700
              Chicago, Illinois  60602
              Telephone:  (312) 269-8000
              Facsimile:  (312) 269-1747


Dated:  March 9, 2010


           By:  s/ David P. Sanders
              One of the Attorneys for Plaintiff,
              Monster Cable Products, Inc.

              David P. Sanders  (ARDC# 2452359)
              Olivia Luk (ARDC# 6288365)
              Jenner & Block LLP
              353 N. Clark Street
              Chicago, IL 60654-3456
              Telephone:  (312) 923-2963
              Facsimile:  (312) 840-7363


OF COUNSEL:

Robert W. Payne
LaRiviere, Grubman & Payne, LLP
19 Upper Ragsdale Drive
Suite 200
Monterey, California 93940
Telephone:  (831) 649-8800
Facsimile:  (831) 649-8835

NGEDOCS: 1688089.1